United States Court of Appeals
Fifth Circuit

**F I L E D**

December 22, 2005

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

No. 05-40161

HANSON PIPE & PRODUCTS, INC.,

Plaintiff-Appellant,

VERSUS

BRIDGE TECHNOLOGIES, LLC and CON/SPAN BRIDGE SYSTEMS, INC.,

Defendants-Appellees.

Appeal from the United States District Court
for the Eastern District of Texas
4:04-CV-127

Before REAVLEY, DAVIS and WIENER, Circuit Judges.

DAVIS, Circuit Judge:[1]

Appellant, Hanson Pipe & Products, Inc. ("Hanson") challenges the district court's judgment dismissing its suit against the defendant, Con/Span Bridge Systems, Ltd. ("Con/Span") for lack of personal jurisdiction, directing Hanson and Bridge Technologies, LLC ("Bridge Tek") to arbitration and dismissing Bridge Tek pending

_____

[1]  Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

arbitration.

The district court assigned detailed reasons for both features of its judgment. As to Hanson's argument that the district court erred in concluding that Con/Span's contacts with the State of Texas were insufficient to support general jurisdiction, we have reviewed the record and agree with the analysis of the district court in its careful order of December 30, 2004. The district court correctly concluded that the contacts of Con/Span's subsidiary, Bridge Tek, with the State of Texas cannot support general jurisdiction as to Con/Span where there is no showing that Bridge Tek is the alter ego of the parent, Con/Span. We also agree that Con/Span's website and other incidental contacts with the State of Texas are insufficient to subject Con/Span to the general jurisdiction of the Texas courts. Thus, essentially for reasons assigned by the district court, we affirm the dismissal of Con/Span.

As to the defendant's order directing Hanson and Bridge Tek to arbitration and the dismissal of Hanson's action without prejudice pending arbitration, we again essentially agree with the district court's careful reasons. Although the contract containing the arbitration clause was between Bridge Tek's parent, Con/Span, and Hanson, Hanson did not challenge in the district court its obligation to arbitrate this claim on grounds that Bridge Tek was not a signator to the agreement. We do not consider arguments made for the first time on appeal.

Although the contract containing the arbitration clause expired before the dispute arose that is the subject of this suit, the Supreme Court has made it clear that an arbitration clause applies to a grievance arising after the expiration of the agreement when "under normal principles of contract interpretation, the disputed contractual rights survive expiration of the remainder of the agreement." <u>Litton Financial Printing Division v. N.L.R.B.</u>, 501 U.S. 190, 205-06 (1991). As the district court held, this rule has direct application to this case. Defendants are entitled to demand arbitration because plaintiff sought a ruling regarding the scope and legitimacy of the intellectual property rights defendants claim to possess in their bridge system that survive the expiration of the contract. Under the express terms of the contract, the parties agree that Hanson "would neither during the term of this agreement <u>nor after the expiration or termination of this agreement</u> . . . directly nor indirectly contest or aid in the contesting of the validity or ownership of the license, tecnology or trademark or <u>take any action whatsoever in derogation of the licensor's rights</u>." (emphasis added). We agree with the district court that the question of whether defendants possess intellectual property rights in their bridge system that survive the contract along with the related issues in this suit must be submitted to arbitration.

Thus, for essentially the reasons assigned by the district court in its careful order of December 30, 2004, we agree that the court properly ordered this dispute submitted to arbitration and

3

properly dismissed this suit without prejudice pending arbitration.

AFFIRMED.